Filed 5/12/21  P. v. Bunn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091654 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F06142) |
| v. | |
| GARY LAMONT BUNN, | |
| Defendant and Appellant. | |

Defendant Gary Lamont Bunn appeals from a resentencing order where the trial court declined to exercise its discretion in striking several personal use of a firearm enhancements (Pen. Code, § 12022.53, subd. (b)).[1]  We appointed counsel to represent defendant on appeal.  Appointed counsel filed an opening brief invoking the independent judicial review procedures set forth in *Anders v. State of California* (1967) 386 U.S. 738

---

[1]      Undesignated statutory references are to the Penal Code.

1

[18 L.Ed.2d 493] and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## BACKGROUND

In June 2010, a jury found defendant guilty of five counts of residential robbery (§ 211)--with the additional enhancement he committed these in concert with two or more persons (§ 213, subd. (a)(1)(a)) and that one of the robberies involved a victim of 65 years or older (§ 667.9, subd. (a))--and two counts of attempted first degree robbery (§§ 664/211). The jury also found true as to all seven counts defendant personally used a firearm (§ 12022.53, subd. (b)). The trial court sentenced him to 37 years in prison.

Defendant appealed and on September 24, 2012, we found there was insufficient evidence supporting the personal use of a firearm allegation for two of the counts so we reversed those two findings and remanded for resentencing. (*People v. Bunn* (Sept. 24, 2012, C067731) [nonpub. opn.].) On remand, the trial court resentenced defendant to 37 years in prison.

On November 6, 2018, after receiving a letter from the California Department of Corrections and Rehabilitation, the court corrected some issues in the sentencing minutes and defendant's abstract of judgment. The court noted this was a form of resentencing and so it had discretion to strike any of the remaining section 12022.53, subdivision (b) personal use of a firearm enhancements. The court offered to hold a hearing, at either party's request, on this issue and defendant requested such a hearing.

The parties briefed and argued on whether the court can and should strike defendant's section 12022.53, subdivision (b) enhancements. The court found it could strike the firearm enhancements but declined to exercise its discretion to do so given the

2

severity of the crimes and "the plethora of serious disciplinary rules violations" while incarcerated. The court resentenced defendant to 37 years.

Defendant timely appealed. While his appeal was pending, the trial court corrected the total number of day credits in the abstract of judgment.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief, arguing several claims of error. Specifically, he argues: (1) the underlying robbery convictions lack substantial evidence because none of the robbery victims identified him and his fingerprints and DNA were not found at the crime scenes; (2) the District Attorney forced witnesses to testify at his trial even though they had no idea who defendant was; (3) he was improperly shackled during trial; (4) the trial court improperly required the jurors to redeliberate after initially declaring a hung jury; and (5) his closing arguments and certain victims' testimony at trial are inaccurately recorded in the reporter's transcript. Defendant's contentions do not raise any relevant arguable error because they are attacks on his 2005 convictions, which we addressed in our previous opinion in his direct appeal. Any attack on our previous opinion is precluded under the doctrine of res judicata. (*People v. Barragan* (2004) 32 Cal.4th 236, 252.) It is well established that a defendant may challenge the validity of a prior conviction by way of a petition for writ of habeas corpus. (*People v. Allen* (1999) 21 Cal.4th 424, 429; *People v. Picklesimer* (2010) 48 Cal.4th 330, 339.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

RENNER, J.

4